## KATHRYN COLTON vs. RHODE ISLAND COMPANY.

### APRIL 18, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1) Common Carriers. Negligence. Inspection.*

In a personal injury action, where the accident was caused by the bolt
which attached the end of the back of the seat immediately in front of
plaintiff to a stanchion of the car becoming displaced and permitting
the end to strike plaintiff, the jury might properly find that an inspec-
tion of the bolts by defendant, which consisted in walking. upon the
floor of the car house along the side of the car and looking across the
interior of the car at the bolts on the other side, the inspection being
made at night, the cars being lighted from overhead, was not a reason-
able inspection, under the evidence which included testimony as to
methods of inspection by other street railway companies.

*(2) Negligence. Damages.*

A verdict for $4,000 in a personal injury action, approved by the trial
justice, will not be disturbed as excessive, where there was evidence from
which the jury might find that plaintiff was very severely injured; had
been rendered incapable of attending to her usual occupation and had
lost a considerable sum in wages.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and overruled.

PER CURIAM. This is an action of trespass on the case brought to recover damages for injury to the plaintiff alleged to have been caused by the negligence of the defendant.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff for four thousand dollars. The defendant's motion for a new trial was denied by said justice. The case is before us upon the defendant's exception to the decision of said justice upon the motion for a new trial and upon the defendant's exceptions to certain rulings of said justice made in the course of said trial. The defendant insists most strongly upon its exception to the refusal of said justice to grant a new trial.

It appears from the testimony that at the time of the alleged accident the plaintiff was a passenger upon one of the open cars of the defendant. She was seated at the end of one of the seats. Said seat was of the type ordinarily used in open electric cars. It had a reversible back, the main portion of which was constructed of wood and had a curved metal hanger or arm piece attached to each end. Through the end of each of said metal hangers was placed a screw-bolt which was screwed into a stanchion at the side of the car. These bolts, so placed at either end, served to hold the back of the seat in place and on said bolts the back was turned when it was reversed. While the plaintiff was riding upon the defendant's car as aforesaid other passengers were seated upon the seat next in front of the plaintiff. In some manner, which is not explained, the bolt which had attached the end of the back of said seat, immediately in front of the plaintiff, to a stanchion of the car, became displaced, and said end of the back fell from its proper position and

struck the plaintiff a glancing blow upon the inner side of her left knee, inflicting a very serious injury upon the plaintiff, as she claims.

From the evidence it appears that the plaintiff was in the exercise of due care at the time of the accident. The injury to the plaintiff was caused by the displacement of the bolt, which was wholly under the control of the defendant. In *Murray* v. *Pawtuxet Valley Street Ry. Co.,* 25 R. I. 209, this court held: "*Res ipsa loquitur* is the maxim applicable to cases where the cause of injuries to passengers arises from the breaking down of apparatus wholly under the control of the common carrier. ' It is a presumption raised by the law on grounds of public policy, which makes out a *prima facie* case against the carrier unless it is rebutted to the satisfaction of the jury.' " The defendant in the case at bar seeks to rebut the presumption of negligence by showing a reasonable and proper inspection on its part of the car and the bolt in question. From the testimony of witnesses for the defendant, as well as of those for the plaintiff, the jury might find that bolts securing the backs of seats to stanchions, similar to the one in question, at times came out or worked out of the stanchions by vibration in the operation of the car, and that then by the pressure of passengers upon the back of the seat where such a bolt had worked out the back might be entirely released from its fastening and fall behind the seat. The jury might also find that by a proper method of inspection, the loosening of a bolt or the existence of conditions, which might cause a bolt to work out and the seat to fall, would be discovered and remedied. It was in evidence that the method of inspection employed by some street railway companies was for the inspector each night to feel of every bolt of the kind in question with his fingers and if any was loose to tighten it. Such bolts as were not painted were tapped with a small tool. Two of the em-

ployees of the defendant, Messrs. Lane and Bronson, testified at the trial as to the nature of the inspection (1) which the defendant had made of the car upon which the plaintiff was riding at the time of said accident. According to the testimony of these witnesses for the defendant each car was inspected at night in the car house by three men; one inspected the brakes, bolts, wires, and fenders under the car; another inspected the trolley; and the third inspected the body of the car, including the bolts which connected the backs of the seats to the stanchions of the car. Such inspector did not touch or try said bolts with his fingers nor did he tap them with a hammer nor look at them closely. Said inspector each night examined the bodies of from eighty to one hundred and twenty-five cars. So far as relates to said bolts the only regular inspection given was made by walking upon the floor of the car house along the side of a car and looking across the interior of the car at the bolts on the other side. The cars were lighted from overhead. The surface of the end of one of these bolts was seven-eighths of an inch in diameter.

In addition to their general verdict the jury found specially that the inspection of the car in question as shown by the testimony of Messrs. Lane and Bronson was not a reasonable and practicable inspection on the part of the defendant. One of the grounds of the defendant's motion for a new trial was that said special finding was against the evidence and the weight thereof; and the defendant has urged said ground before us in support of its exception to the decision of said justice. In our opinion from the evidence the jury might properly find that the inspection which the defendant claimed that it had made of said bolt was not a reasonable one, and also that there had been no regular examination of said bolt by the defendant which might properly be called an inspection thereof.

(2) The defendant claims that the damages awarded by the jury were excessive in amount. There was evidence from which the jury might find that the plaintiff was very severely injured; that she has suffered much in pain and discomfort; that she has been rendered incapable of attending to her usual occupation and has lost a very considerable sum in wages by reason of her injury. The verdict of the jury has been approved by said justice and we are not warranted in disturbing the verdict on the ground of excessive damages. We have examined the other exceptions of the defendant and find them to be without merit.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment upon the verdict.

*Philip S. Knauer,* for plaintiff.
*Walter J. Ladd,* of counsel.
*Clifford Whipple, Alonzo R. Williams,* for defendant.